IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

RANDY COOPER,

      **Plaintiff,**

v.                                        Case No. 2:12-cv-07462

JIM RUBENSTEIN, et al.,

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On November 6, 2012, the plaintiff, Randy Cooper, DOC # 22799, an inmate who is presently incarcerated at the Huttonsville Correctional Center ("HCC"), in Huttonsville, West Virginia, filed a Complaint under 42 U.S.C. § 1983, alleging violations of his rights under the Fourth and Eighth Amendments. In particular, the plaintiff alleges that his "thoughts, dreams, imaginations and daily activity" are being monitored by employees of the West Virginia Division of Corrections (in particular, guards at the Mount Olive Correctional Complex ("MOCC") and other West Virginia Division of Corrections ("WVDOC") facilities) through the "mis-use of electronic

surveillance and technology." (ECF No. 3 at 7-9.)[1] The plaintiff's Complaint further alleges:

> The plaintiff has received information through organizations, and other inmates in regards to technology, and surveillance that is used to read human emotions, thoughts, dreams, and see what I see, where my thoughts flash and flicker before the minds of others, where my thoughts are known. I have included exhibits attached from several organizations and inmates who tell me that this technology is being used, and that they can "read my eyes" and that those that complain are made out to be mentally ill or crazy.

(*Id.* at 8.) The plaintiff seeks injunctive relief prohibiting the WVDOC from allowing others to monitor him and "treat him differently than others." He also seeks monetary relief from the Commissioner of Corrections and the Warden at MOCC. (*Id.* at 9.)

On December 28, 2012, the plaintiff also filed a Motion for a Temporary Restraining Order/Injunction (ECF No. 14.), which repeats his allegations of being "daily stalked and harassed by guards."

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is done prior to consideration of the Application to Proceed without Prepayment of Fees and Costs. A "frivolous" case has been defined as one which is

---

[1] Although not specifically pled in his Complaint, the plaintiff has attached documentation consisting of correspondence and print media concerning the alleged use of microchip implants to monitor the behavior of incarcerated persons, and to target and harass inmates. The plaintiff has filed numerous other complaints alleging this same conduct in the past, but has been denied the ability to proceed without prepayment of the applicable filing fee under 28 U.S.C.§ 1915(g). However, on January 24, 2013, the plaintiff paid the $350 filing fee for this civil action.

based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> \* \* \*
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

3

129 S. Ct. at 1949-50.

## ANALYSIS

### A. The plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted.

The plaintiff's Complaint is patently frivolous, and fails to state a claim upon which relief can be granted. The Complaint contains outrageous and unwarranted deductions of fact. "A complaint such as this one that describes fantastic or delusional scenarios is subject to immediate dismissal." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a court need not accept irrational and wholly incredible allegations whether or not there are judicially noticeable facts available to rebut them). The court does not doubt that the plaintiff believes he is being monitored; however, his claim is "fantastical and delusional," and has no arguable basis in fact. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint should be dismissed as being frivolous.

### B. The defendants are entitled to Eleventh Amendment immunity.

Furthermore, at least to the extent that the plaintiff has named Jim Rubenstein, the Commissioner of Corrections, and David Ballard, the Warden at MOCC, in their official capacities, they are entitled to immunity under the Eleventh Amendment. In *Hafer v. Melo*, the United States Supreme Court held that state officials sued in their individual capacities are "persons" under section 1983. 502 U.S. 21, 23 (1991).

However, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). The Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose a liability

4

upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

The Supreme Court and the United States Court of Appeals for the Fourth Circuit have found that "neither a State not its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished).

In *Will*, the Supreme Court stated:

Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent congressional intent by a mere pleading device.

We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983. The judgment of the Michigan Supreme Court is affirmed. [Citations omitted].

Therefore, the undersigned proposes that the presiding District Judge **FIND** that, to the extent that the plaintiff intended to sue the defendants in their official capacities under section 1983, retroactive monetary relief is barred by the Eleventh Amendment to the United States Constitution.

### C. The plaintiff's claims for injunctive relief moot.

Furthermore, to the extent that the plaintiff seeks injunctive relief, his claim against Warden Ballard is moot because he is no longer incarcerated in the facility

5

operated by Warden Ballard. Rather, he is incarcerated at HCC, which is located within the Northern District of West Virginia, a separate jurisdiction.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's requests for declaratory and injunctive are moot, and must be dismissed.

Moreover, even if the plaintiff could allege a request for injunctive relief in this district because Commissioner Rubenstein is located herein, his claim is unlikely to succeed. The plaintiff has requested a Temporary Restraining Order ("TRO")/Injunction in a separate motion (ECF No. 14), as well as a request for a Preliminary Injunction in his Complaint. However, in order to obtain a TRO, the

6

plaintiff must be able to demonstrate immediate and irreparable injury, loss or damage, which the plaintiff cannot do. *See* Fed. R. Civ. P. 65(b)(1)(A) *Moore v. Robert*, 2006 WL 2925303 (E.D. Mich., 2006) (allegation that computer microchip had been implanted in brain did not allege imminent danger of serious physical injury).

In 2009, the United States Court of Appeals for the Fourth Circuit revisited the applicable standard of review for preliminary injunctions in the case of *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*"), in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed.2d 249 (2008). As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997)(per curiam). * * *
>
> In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. And all four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id.* at 347. Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in the all federal courts. *Id.*

The plaintiff's frivolous allegations fail to establish that he is likely to succeed on the merits of his Complaint or that he will be irreparably harmed. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to establish the necessary factors for obtaining preliminary injunctive relief.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Temporary Restraining Order/Injunction (ECF No. 14.) and **DISMISS** the plaintiff's Complaint under 28 U.S.C. § 1915A as being frivolous and for failure to state a claim upon which relief may be granted.

8

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

March 29, 2013

Mary E. Stanley
United States Magistrate Judge

9