# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**RANDY COOPER,**

      **Plaintiff,**

v.     Case No. 2:12-cv-07462

**JIM RUBENSTEIN, and agents,**
**employees, and all persons acting in concert**
**or participation with him,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On May 21, 2013, the presiding District Judge entered a Memorandum Opinion and Order dismissing a *pro se* Complaint filed by the plaintiff, an inmate who is currently housed at the Huttonsville Correctional Center, which is located within the Northern District of West Virginia. However, the presiding District Judge granted the plaintiff leave to file an Amended Complaint limited to a potential claim for the alleged "unauthorized disclosure by prison officials, of a key, and intensely private, component of his medical history." (ECF No. 23 at 2).

On May 30, 2013, the plaintiff filed his Amended Complaint (ECF No. 25) and a Memorandum of Law in support thereof (ECF No. 26). The plaintiff has named Jim

Rubenstein, the Commissioner of the West Virginia Division of Corrections, and "agents, employees, and all persons acting in concert or participation with him" as the defendants. (ECF No. 25 at 1). The plaintiff seeks injunctive relief in the form of "an order from this Honorable Court to prevent [Defendants] from violating his privacy rights," as well as monetary damages. (*Id.* at 4).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is generally done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert

"detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

Additionally, a district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

**DISCUSSION**

There are numerous problems with the plaintiff's Amended Complaint. First, the Amended Complaint does not contain a short and plain statement concerning the court's jurisdiction over the plaintiff's claims, and it would appear that there is no basis for this federal court to exercise jurisdiction over the plaintiff's claims. The Amended Complaint does not cite any federal constitutional or statutory basis that could support this court's jurisdiction under the "Federal Question" provision in 28 U.S.C. § 1331. Nor can the plaintiff establish jurisdiction based upon diversity of citizenship, because both he and the defendant(s) are citizens of the State of West Virginia. Accordingly, even if the plaintiff could successfully raise a claim under West Virginia law, this court lacks jurisdiction to consider such a claim.[2]

Furthermore, even if the plaintiff could establish a jurisdictional basis for his claim to be considered in this court, his Amended Complaint fails to state a claim upon which relief may be granted and repeats allegations that have previously been dismissed as being frivolous.

The Amended Complaint alleges that the plaintiff recently learned that his confidential medical information was disclosed by Chris Chiles, the prosecutor in his state court criminal case (who is not a named defendant herein), in a *Charleston Gazette* newspaper article, on November 17, 1996.[3] While this allegation might support a claim

---

[2] The undersigned notes that, although the plaintiff's Amended Complaint contains no Constitutional, statutory or common law basis for the plaintiff's claims, the Memorandum of Law filed by the plaintiff with his Amended Complaint discusses four types of "invasion of privacy" claims that may be brought under West Virginia law. Accordingly, it would appear that the plaintiff is attempting to raise a state law invasion of privacy claim.

[3] The undersigned notes that the statute of limitations for an invasion of privacy claim under West Virginia law in one year. *See* W. Va. Code § 55-2-12(c); *Slack v. Kanawha County Hous. and Redev. Auth.*, 423 S.E.2d 547, 551 (W. Va. 1992); *Christman v. American Cyanamid Co.*, 578 F. Supp. 63, 66 (N.D. W. Va. 1983). Accordingly, such a claim is potentially time-barred.

of invasion of privacy under West Virginia law, as noted above, this court lacks jurisdiction to consider the plaintiff's state law claim.

The plaintiff's Amended Complaint also repeats his claim that "prison staff allow others to track and monitor my movements where everything I see and do is up for review." (ECF No. 25 at 2). The plaintiff's prior allegations that prison staff at the Mount Olive Correctional Complex are using some sort of technology to monitor the plaintiff's every move and harass him have been dismissed by the presiding District Judge as being legally frivolous. (ECF No. 23 at 2). Now the plaintiff is attempting to extrapolate his belief that these unnamed prison staff members are monitoring him into a claim that they have unlawfully discovered and disseminated private information about his medical history. (*Id.* at 2). The frivolousness of the plaintiff's claim is made all the more apparent by his contention that certain prison staff members at the Mount Olive Correctional Complex continue to stalk and harass him from a distance by monitoring him through the abuse/misuse of technology, even though he is now incarcerated at the Huttonsville Correctional Center. (*Id.*)

Moreover, the plaintiff's Amended Complaint fails to specifically allege any conduct by defendant Rubenstein, and fails to specifically identify any actions by other West Virginia Division of Corrections' staff that would be sufficient to state a plausible claim of invasion of privacy under West Virginia law, or any other provision of federal or state law.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that this court lacks jurisdiction over the plaintiff's claims in his Amended Complaint. Therefore, it is respectfully **RECOMMENDED** that the presiding District

Judge **DISMISS** this matter for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In the alternative, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Amended Complaint is legally frivolous and fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter pursuant to 28 U.S.C. § 1915A.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

6

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff.

May 21, 2014

Dwane L. Tinsley
United States Magistrate Judge