```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

RANDY COOPER,

    Plaintiff,

v.                                    Civil Action No. 2:12-07462

JIM RUBENSTEIN,
Commissioner of Corrections, and
agents, employees, and all persons acting
in concert or participation with him,

    Defendants.


## MEMORANDUM OPINION AND ORDER

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who submitted his proposed findings and recommendation ("PF&R") on May 21, 2014, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

The magistrate judge recommends that the action be dismissed inasmuch as this court lacks jurisdiction over the claims in plaintiff's amended complaint. In the alternative, the magistrate judge recommends that the amended complaint be dismissed for failure to state a claim upon which relief can be granted.

On May 29, 2014, plaintiff objected. Plaintiff alleges he has a constitutional right to privacy concerning his medical records. It appears, however, that plaintiff's privacy

claim for unlawful disclosure of his medical history is alleged against a non-party, and not the named defendant in this action. The only specific unauthorized medical history disclosure about which he complains was in 1996 by Prosecutor Chris Chiles, an individual whom he has not sued. He does not suggest that Commissioner Rubenstein participated in this disclosure.[1]

      Otherwise, on this issue, plaintiff merely alleges in the amended complaint that he was "housed at HCC [Huttonsville Correctional Center] where . . . the non-consensual disclosure of my HIV medical status is rumored." (Am. Compl. at 1). He appears, however, to tie that alleged disclosure to his implausible allegations -- which were dismissed earlier in this action -- that he is being electronically monitored by prison officials in some unscrupulous and ill-defined manner. (See Am. Compl. at 2 (noting the disclosure by Prosecutor Chiles was "one way" his HIV status was unlawfully disclosed and "the other is where prison staff allow others to track and monitor my movements where everything I see and do is up for review.")).

---

[1] Plaintiff's other written objections involve his allegations that prison officials used technology to monitor his daily activity. These claims are not cognizable, having been previously dismissed in a Memorandum Opinion and Order entered May 21, 2013.

Thus, while plaintiff prays that the court order that "defendants stop violating my privacy rights and unauthorized-disclosure of my HIV medical status," (id. at 4), the bases for his unauthorized disclosure claim are (1) unspecified rumors he has heard in the institution, and (2) the whimsical notion that his every move and thought are being electronically monitored and disseminated to persons unknown.  Those allegations do not give rise to a plausible claim for relief.

Even if one were to assume that the plaintiff is attempting to allege a Section 1983 claim, there is a failure to state a claim, here based on mere rumor and implausible speculation, upon which relief can be granted.  The court, accordingly, adopts and incorporates herein the PF&R insofar as it recommends dismissal of plaintiff's amended complaint for failure to state a claim upon which relief can be granted.

Based on the foregoing, it is ORDERED that plaintiff's amended complaint be, and hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record and the United States Magistrate Judge.

DATED: June 18, 2014

John T. Copenhaver, Jr.
United States District Judge